### BOARD OF SUPERVISORS OF CLAIBORNE COUNTY *v.* R. A. OWEN ET AL.

[56 South. 525.]

1. CRIMINAL PROSECUTIONS. *Injunctions. Property rights. Fines and and Cost. Code* 1906, *sections* 4465, 4475.

Equity jurisdiction cannot be invoked to enjoin criminal proceedings against defaulting road hands under the contract system provided by Code 1906, sections 4465 and 4475, upon the theory that the fines and cost which may be imposed are "property rights."

2. SAME.

Fines and cost which the law fixes as punishment for crime are not "property rights" within the legal meaning of that term.

APPEAL from the chancery court of Claiborne county. HON. J. S. HICKS, Chancellor.

Suit by R. A. Owen and others against the board of supervisors of Claiborne county and others. From a decree for complainants, defendant appeals.

This suit was begun by a bill in chancery, and its purpose is to enjoin the sheriff, justices of the peace, and road contractors from prosecuting alleged defaulting road hands. By permission of the court, the board of supervisors was admitted to defend the suit. Claiborne county works its roads under what is known as the "contract system," being sections 4465 to 4475, inclusive, of the Code of 1906, and contracts had been let for all the roads, and the contractors were engaged in carrying out their contracts. Under the law every person liable for road duty is required to perform eight days' labor on the roads under some contractor, or to pay a commutation tax of three dollars in lieu thereof. It is not made the duty of the contractor or any other officer, under these sections, to warn these road hands, or assign them to any road; but they must offer their services to a contractor, and work under his direction,

or pay the commutation tax. The contractor is required to notify the board of supervisors at their October meeting of all who have performed the road duty required; and all persons liable for road duty, who fail to perform the work or to pay the commutation tax by November 1st, become defaulting road hands, and guilty of a misdemeanor, and it is made the duty of the sheriff to begin prosecution against such defaulters by filing affidavits before a justice of the peace. The sheriff had begun these prosecutions when he was met with this injunction. The appellees (complainants below) contended that the contracts with the road contractors were not legally entered into, and that the alleged defaulting road hands had not been assigned to road duty. The appellants (defendants below) contend that an equitable injunction should not be granted to stay criminal prosecutions, unless property rights are involved. The chancellor overruled the motion of the appellants to dissolve the temporary injunction, and made same perpetual, enjoining the board of supervisors ''from further proceeding to collect the said commutation tax by criminal proceedings or through the agency of the other defendants, until it has so shaped its contracts with the road contractors as to put the same in legal force, and until the persons subject to, or claimed to be subject to, road duty in said county, have been placed legally in default as road hands.''

*C. A. French,* for appellant.

This was an injunction proceeding to enjoin criminal proceedings, and nothing more. Every one of the defaulting road hands in the county had a complete and adequate remedy at law by an appeal from the conviction of the justices of the peace. It matters not whether there were one or one thousand, each had the same remedy, as is provided for by law, therefore equity will not interfere by injunction with the criminal proceedings. 22 Cyc., page 902, H, and authorities there cited.

"The general rule is that an injunction will not be granted to stay criminal or quasi-criminal proceedings, whether the prosecution be for the violation of the common law or the infraction of statutes or municipal ordinances." 22 Cyc., page 903, and authorities cited under notes 37 and 38. I admit that when property rights are involved in a criminal proceeding, then the injunctive power of the court can act, but not before. In this case there is no charge in the bill that any property rights were involved, in fact it is charged, that the parties who were being proceeded against, were so poor that they could not pay the commutation tax, therefore there was no property rights invaded. Again it is charged in the bill that the sheriff and the justices of the peace were about to bring all of the prosecutions mentioned. Therefore the injunction was prayed for, and issued to restrain the sheriff and justices from proceeding, or to restrain them from beginning said prosecutions. The chancellor has no criminal jurisdiction, either by statute or at common law.

"In the celebrated Debs case it was held that something more than the threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive power of the courts; that there must be some interferences, actual or threatened, with property rights of a pecuniary nature; but that when such interferences appear the jurisdiction of a court of equity arises and is not destroyed by the fact that they are accompanied by or are themselves violations of the criminal law." *In re Debs,* 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1902.

"Nevertheless where no property rights are involved, the proceeding constitutes a mere trespass on the person and the injunction will not be granted." 22 Cyc., page 904, and authorities there cited.

In the case at bar there was no property rights being infringed by anyone, therefore, under the authority cited,

the chancery court had no jurisdiction, and the injunction should have not been granted, and then after it had been granted, it should have been dissolved on motion.

Equity should not, and under the law has no jurisdiction, to interfere with the criminal jurisdiction given by law to the courts to enforce the criminal laws of the state.

"Equity will not interfere with the enforcement of the criminal law, but that principle in no way deprives a court of chancery of power to protect private property, nor ousts chancery of its jurisdiction over nuisances and trespasses, nor defeats its power to enjoin a continuing injury to property or business. When equity acts in such instances it ignores the criminal feature and exercises jurisdiction solely to enjoin a continuing injury to property or business. *Georgia Ry. Co.* v. *Atlanta,* 118 Ga. 486, S. E. Rep. 256.

Therefore it will be seen from the record in the case at bar that nothing in the way of a nuisance existed, or was complained of, nor was there any sort of a trespass complained of, nor did any exist, nor was there any sufficient charge in the bill that property or business rights or interests were being molested, therefore the above cited case is right in point.

"An injunction will not issue to restrain officers from making an arrest for alleged violation of law, unless the arrest is illegal and will be accompanied by interference with property rights. 22 Cyc., p. 903-5, and authorities there cited.

Here the officers were about to arrest certain parties, none of whom were the complainants, nor any of them, for a violation of the law in not working the public roads or paying the commutation tax as is required by law, therefore there was no interference with property rights or business in any way, but the officers were undertaking to obey the mandates of the law, as they were sworn to do; therefore the above cited case is right in point.

*R. B. Anderson,* for appellant.

It can scarcely be disputed that equity is without jurisdiction to restrain criminal proceedings where property rights are not involved. *Crighton* v. *Dahlmer,* 13 So. 237; 22 Cyc., 902, and a score of cases there cited.

Again, it makes no difference whether or not the acts of the board of supervisors was valid or invalid, as equity is equally without jurisdiction. See. *Paulk* v. *Mayor,* 68 Am. St. Rep. 128; *Poyer* v. *Des Planches,* 5 Am. St. Rep. 494, and notes at conclusion of those cases.

There were no property rights involved in this case. No civil rights were being violated; they were simple prosecutions against delinquents. charging a failure to pay the commutation tax levied by the board of supervisors, or to work out the same. If the defendants were not guilty, each had his defense in the proper court. The case of *Tribette* v. *R. R. Co.,* 12 So. Rep., above cited, fully sustains this view.

*J. C. McMartin,* for appellee.

WHITFIELD, C.

This attempt to invoke the jurisdiction of equity to enjoin the criminal proceedings must fail, for the reason that no property rights, within the legal meaning of that term, are in any manner whatever shown to exist by this record. It is far too fanciful a conception of the phrase "property rights," when invoked as the basis of equitable jurisdiction to enjoin criminal prosecutions, to call the fines and costs, which the law fixes as punishment for such crimes, "property rights."

*Reversed, and bill dismissed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the decree is reversed, and the bill dismissed.