CITY OF LEE'S SUMMIT et al. v. JEWEL TEA CO.

(Circuit Court of Appeals, Eighth Circuit. November 10, 1914.)

No. 3960.

1. COMMERCE (§ 40*)—"INTERSTATE COMMERCE"—MUNICIPAL ORDINANCES—LICENSE TAX.

Complainant, an Illinois merchant, employed an agent, who solicited orders for teas and coffees in defendant city, in Missouri, sending the orders to complainant in Illinois by mail. The merchandise was put up in packages according to the quantities ordered, but without the names of the customers on them, and shipped in one or more cases to the agent, who alone had authority to receive the goods from the carrier, and who then delivered the packages to the customers and collected and remitted the price, receiving a salary sent from complainant. *Held*, that the transaction was "interstate commerce," and was therefore not subject to an ordinance imposing a license tax on vendors of teas, coffees, and other kinds of merchandise not otherwise licensed.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 29, 30; Dec. Dig. § 40.*

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. INJUNCTION (§ 105*)—CRIMINAL PROSECUTIONS.

Where city authorities had arrested complainant's agent several times, and threatened to continue to arrest him every time he went there and transacted business for complainant, because of his failure to take out a license under a local ordinance, when in fact the business transacted constituted interstate commerce, the court properly granted an injunction restraining further prosecutions; those pending being expressly excepted from the decree.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit in equity by the Jewel Tea Company against the City of Lee's Summit and others, to enjoin the enforcement of a municipal ordinance imposing a license on vendors of teas, coffees, etc. From a decree (198 Fed. 532) for complainant, defendants appeal. Affirmed.

E. S. Bennett, of Lee's Summit, Mo., and Pence & Thayer, of Kansas City, Mo., for appellants.

L. E. Durham, of Kansas City, Mo. (Cowherd, Ingraham, Durham & Morse, of Kansas City, Mo., on the brief), for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is an appeal from a decree on final hearing enjoining the city of Lee's Summit, Mo., and its mayor and city marshal, from enforcing against the Jewel Tea Company a municipal ordinance imposing a license charge of $1 per day upon vendors of teas, coffees, etc., "selling at retail from wagon or other vehicle," and a like sum where the articles are sold "by solicitor taking orders for future delivery." The trial court held that the business of the company was in interstate commerce and therefore not subject to the ordinance. (D. C.) 189 Fed. 280; (D. C.) 198 Fed. 532.

[1] The Jewel Tea Company is an Illinois merchandising corporation, with headquarters at Chicago, in that state. It employed an agent residing in Missouri. The agent canvassed from house to house in Lee's Summit for orders for future delivery of teas and coffees. The orders taken were mostly for half-pound and pound lots. He forwarded the orders to the company at Chicago, giving the quantities only, not the names of the purchasers. At Chicago the company put up the goods in small packages according to the quantities ordered, so as to permit of exact delivery to each purchaser without breaking. On each package was marked its price, but not the name of the purchaser. The packages were then put into a large box or other receptacle and shipped by freight to Lee's Summit; the company being both consignor and consignee. When the shipment arrived at Lee's Summit, the agent received it, opened the box or container, had it hauled around on a dray, delivered the packages unopened to those who had given the orders, and collected payment for them on delivery. At the same time he solicited further orders. He made the rounds about twice each month, and by other canvassing endeavored to increase the trade. The agent remitted the moneys collected to the company at Chicago. He had no financial interest in the business, save his salary, which was paid from that city. Occasionally a purchaser would refuse to accept and pay. In such case the package intended for him was sent to a branch house of the company at Kansas City, Mo., but all the goods delivered in Lee's Summit were shipped directly there from Chicago in the way described.

These facts were undisputed, and they show that the company was engaged in interstate commerce. In a case between the same company and the city of Carthage, Mo., involving substantially the same business method, the Supreme Court of that state very recently so decided. Jewel Tea Co. v. City of Carthage (Mo.) 165 S. W. 743. Answers to the various arguments of appellants to the contrary may also be found in Stewart v. Michigan, 232 U. S. 665, 34 Sup. Ct. 476, 58 L. Ed. 786; Crenshaw v. Arkansas, 227 U. S. 389, 33 Sup. Ct. 294, 57 L. Ed. 565; Rogers v. Arkansas, 227 U. S. 401, 33 Sup. Ct. 298, 57 L. Ed. 569; Dozier v. Alabama, 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264; Rearick v. Pennsylvania, 203 U. S. 507, 27 Sup. Ct. 159, 51 L. Ed. 295; Caldwell v. North Carolina, 187 U. S. 622, 23 Sup. Ct. 229, 47 L. Ed. 336. Stewart v. Michigan, supra, is much

like the case at bar. Whether a previous practice of the company would have subjected it to the ordinance need not be determined. It had been abandoned, and the company had a right to adopt that presented here. It was not subterfuge to do so.

It is also urged that the case does not involve the requisite jurisdictional sum or value. It was sufficiently alleged in the verified bill of complaint and denied in the unverified answer. The city attorney filed an affidavit for use in opposition to an application for a temporary injunction, briefly stating that the amount in dispute was less than the sum or value required. There was no plea to the jurisdiction. The equity rules of February 1, 1913 (198 Fed. xix–xlii, 115 C. C. A. xix–xlii), authorizing the making of the objection by answer, were not then in force. But, passing the question of practice, we think the jurisdictional condition may reasonably be gathered from the record, though no testimony was directed specifically to that point.

[2] It is further urged that the controversy should have been left to the state courts, where prosecutions had been begun and were pending. But those prosecutions were excepted from the decree of injunction. The evidence showed that the city authorities had arrested the agent of the company several times, and threatened to arrest him every time he went there and transacted business. The decree of the trial court was right. It looked to the future, not to pending prosecutions in the local courts, and was to protect the right to engage in interstate commerce.

The decree is affirmed.