| Standard Oil Co. of New York vs. Benjamin P. Moulton, et al. | Equity No. 10862. |

October 2, 1931.

CHURCHILL, J. Heard on demurrer. This is a bill in equity to enjoin the Board of Public Safety of the City of Providence and the Superintendent of Police from instituting criminal proceedings against the complainant under Chapter 399, Section 18, General Laws of 1923.

The complainant operates in the City of Providence some twenty-four filling stations at which gasoline and petroleum products are sold to the public. The bill alleges that the Board threatens to cause the arrest of the employees and operators of the complainant in charge of filling stations and "close all the * * * stations and stop the sale of gasoline and motor oils and other products unless the complainant procures from the Board a license for the sale of its products on Sunday at each of its stations, and pays therefor the sum of $25.00 for each license."

The bill further sets up that the sale of gasoline and other products by the complainant on Sunday is not a violation of the Sunday Law inasmuch as such products are necessities, and, further, that the complainant has complied with the provisions of Chapter 1405 of the Public Laws of Rhode Island 1929 and has been issued a license by the State Board of Public Roads to operate its filling stations and to sell its products, and hence, by virtue of the authority conferred on it by such license so issued, is entitled to sell on Sundays as well as on weekdays; that the Board has not lawful power to issue licenses to sell on Sunday or to exact a fee of $25.00 for such licenses, and that the Board threatens and intends, if such license is not obtained and the fee paid, to prosecute the complainant under the provisions of Chapter 399, Section 18, General Laws of 1923.

The bill prays for an injunction to restrain the Board and the Superintendent of Police from instituting criminal proceedings against the complainant or its employees for making sales of its products on Sunday without a license from the Board.

The demurrer filed by the respondents raises the question as to whether a Court of equity has jurisdiction to grant the relief prayed for.

It is a general rule that the prosecution and punishment of crimes will not be restrained by a Court of Chancery.

> In re Sawyer, 124 U. S. 200;
> *Shuman* vs. *Gilbert*, 229 Mass. 225;
> *City of Denver* vs. *Beede*, 25 Colo. 178;
> *Delaney* vs. *Flood*, 183 N. Y. 323;
> *Cobb* vs. *French*, 111 Minn. 429;
> *Brown* vs. *Mayor, etc.*, of Birmingham, 140 Ala. 590.

The strict English rule has been relaxed in the United States to the extent that equitable relief may be granted where a prosecution is threatened under an unconstitutional statute or invalid ordinance and such prosecution will result in an irreparable injury to property rights.

(For a collection of authorities on the point see *Shuman* vs. *Gilbert*, 229 Mass. 225.)

The rule that equity ordinarily will not assume such a jurisdiction does not rest on a technical basis but on the clear and compelling necessity of preserving the boundaries of jurisdiction between Courts exercising entirely different functions under our scheme of government.

*Cobb* vs. *French*, 111 Minn. 429.

A complainant in equity asking for injunctive relief against a criminal prosecution is bound, therefore, to make out a clear case within the exception to the rule.

The complainant does not make out such a case.

The statute under which the prosecution is alleged to be threatened (Chapter 399, Sec. 18, General Laws of 1923) is admittedly valid, and the Board has power to prosecute for a violation of the statute committed within the City of Providence.

The greater number of the cases cited by the respondents are cases where at the outset there was an invalid statute or ordinance under which the prosecuting officers were threatening to proceed. This distinguishes the cases cited by the complainant from such cases as *Shuman* vs. *Gilbert*, and others referred to herein. The Shuman case is very closely in point since in that case there was an admittedly valid statute and the gravamen of the bill was the alleged arbitrary and oppressive character of the proceedings threatened by the police officials. Chief Justice Rugg in an exhaustive opinion held that no case was made out warranting the interposition of a Court of equity despite the allegations in the bill of multiplicity of suits and irreparable injury to the complainants by reason of the harassing conduct of the police.

The various defenses set up in the bill in the instant case can be interposed in criminal proceedings.

Whether the sale of gasoline and petroleum products is a necessity within the exception of the statute, and whether the license from the State Board of Roads is a bar to a criminal prosecution for violation of the Sunday Law are matters to be disposed of in a criminal Court.

The same holds true of the allegation that the respondent Board is attempting unlawfully to exact a fee of $25.00 for a license to operate on Sunday.

Whether or not the Board has power to license a sale on Sunday and, in default of a license, to prosecute for violation of the Sunday Law is likewise a matter for the criminal Courts.

A further matter urged in this case is the alleged oppressive character of the proceedings which are threatened to be instituted.

It may be said, as bearing on this point, that the penalties imposed by Chapter 399, Section 18, can not in any wise be characterized as excessive or oppressive,—the punishment for violation being only $5.00 for the first offense and $10.00 for the second and every subsequent offense.

It is true that the bill alleges that the respondent threatens and intends to close the filling stations if they proceed to operate on Sunday without a license, but it may be observed that the Board is without power or authority to close such stations. The utmost that can be done is to arrest the operators. This is a peril to which all violators of the law are liable and against which injunctive relief can not be afforded unless a case for such relief is otherwise made out, a situation not disclosed by the face of the bill in this case.

It is true that the bill contains allegations of threats, on the part of the Board, of repeated and harassing criminal proceedings. Allegations similar to that were contained in the bill of complaint in the case of *Shuman* vs. *Gilbert*, 229 Mass. 225, and Chief Justice Rugg dealt with the same as follows:

> "The allegations as to repeated complaints are not sufficient to warrant the inference that the Court of this Commonwealth will countenance continued and oppressive prosecutions when once a genuine test case open to fair question has been presented and is on its way to final decision.

> \* \* \* \*

> "This allegation is to a considerable extent respecting the course of law and proceedings in Court in this Commonwealth, and hence is not admitted by the demurrer. It assumes that, although plainly innocent of any infraction of the law, the plaintiffs will be found guilty by the District Court and by the Superior Court, a presumption which as matter of law cannot be indulged, at least upon such general allegations."

So in the instant case it is not to be presumed, and this Court will not assume that the Board will undertake a course of harassing or oppressive litigation, or that a test case can not be made up and speedily carried through the Courts.

Under the clear rule respecting the exercise of jurisdiction in equity where criminal proceedings are involved the bill does not make out a case for relief, and the demurrer is therefore sustained.

For complainant: Francis I. McCanna.

For respondents: Voight, Wright & Monroe.