**99 P.2d 451**

**SIMON v. GALLEGOS, Commissioner of Revenue.**

**No. 4512.**

Supreme Court of New Mexico.
Feb. 14, 1940.

Owen J. Mowrey, of Albuquerque, for appellant.

Filo M. Sedillo, Atty. Gen., and George Lougee, Asst. Atty. Gen., for appellee.

ZINN, Justice.

Appellant prosecutes this appeal from a judgment sustaining appellee's demurrer to

a complaint for injunction sought by appellant to restrain the appellee from a threatened enforcement of L.1939, Ch. 222.

Appellant is engaged in the oil and gas business, both retail and wholesale. In conjunction with his business, and ostensibly for the purpose of inducing customers to come to his places of business, he has instituted a system by which prizes are given away to customers. A description of the method devised by appellant for distributing such prizes is nonessential to a determination of the legal issue in the case. The complaint alleges that the appellee condemns the system devised by appellant as a lottery which is prohibited by L.1939, Ch. 222, Sec. 201 (e). The complaint further alleges that the appellee threatens enforcement of said law which would subject the appellant to criminal prosecution, and, unless appellee is restrained in his threatened enforcement, such enforcement will injure the rights, property and business of the appellant and others similarly situated, and result in a multiplicity of suits. Appellant questions the constitutionality of the law in that it is in excess of the police power of the State, and for other reasons.

The appellee stands upon the proposition that the appellant is seeking to restrain the enforcement of a statute which provides for criminal prosecutions against violators thereof and that therefore equity is without jurisdiction. This is not challenged by appellant.

We have thus before us this proposition. Can one who is engaged in a lawful business and who has devised a scheme or plan which he believes will bring additional customers to his place of business, but which scheme or plan has been condemned under penalty by the State, seek the aid of equity to restrain the enforcement of the law, in order to ascertain in advance whether the scheme or plan is in violation of the condemning statute?

The general rule is that equity has no jurisdiction to restrain the officers of the state who are charged with the execution of its laws, where, in such execution, criminal proceedings are likely to be instituted. 14 R.C.L. 426, Injunction, Sec. 130. There are exceptions to this rule where rights of property are involved (See 14 R.C.L. 428). We do not find that the case of the appellant comes within such exceptions.

In the case of Shuman v. Gilbert, 229 Mass. 225, 118 N.E. 254, 255, L.R.A.1918C, 135, Ann.Cas.1918E, 793, we find an excellent statement of the law covering the general rule and the exceptions. We quote: "It is the general rule that the prosecution and punishment of crimes will not be restrained by a court of chancery. But there is an exception to this comprehensive statement. Jurisdiction in equity to restrain the institution of prosecutions under unconstitutional or void statutes or local ordinances has been upheld by this court when property rights would be injured irreparably, and when other elements necessary to support cognizance by equity are present. Greene v. City of Fitchburg, 219 Mass. 121, 127, 106 N.E. 573; Moneyweight Scale Co. v. Mc-

Bride, 199 Mass. 503, 506, 85 N.E. 870. The statement of the law in England has been made rather broadly that there is no jurisdiction in equity (at all events since the abolition of the court of the Star Chamber, which exercised a jurisdiction of so-called criminal equity) to enjoin prosecution for crime. Saull v. Browne, L.R. 10 Ch. 64; Kerr v. Preston Corp. 6 Ch.D. 463, 466. See also Grand Junction Waterworks Co. v. Hampton Urban Dist. Council (1898) 2 Ch. 331, 341; Merrick v. Liverpool Corp. (1910) 2 Ch. 449, 460–462. But there seems to be a caution about saying that circumstances may not arise authorizing a close approach to such jurisdiction. Auckland v. Westminster Dist. Board of Works, L.R. 7 Ch. 597; Burghes v. Atty. Gen. (1911) 2 Ch. 139, 156–157. It was said in Truax v. Raich, 239 U.S. 33 [at pages] 37, 38, 36 S.Ct. 7, 9 (60 L.Ed., 131, L.R.A.1916D, 545, Ann. Cas.1917B, 283) : 'It is also settled that while a court of equity, generally speaking, has "no jurisdiction over the prosecution, the punishment or the pardon of crimes or misdemeanors" In re Sawyer, 124 U.S. 200, 210 (8 S.Ct. 482, 31 L.Ed. 402), a distinction obtains, and equitable jurisdiction exists to restrain criminal prosecutions under unconstitutional enactments, when the prevention of such prosecutions is essential to the safeguarding of rights of property.' See Philadelphia Co. v. Stimson, 223 U.S. 605, 621, 32 S.Ct. 340, 56 L.Ed. 570. That is the law of this commonwealth. Doubtless that principle is generally recognized by the courts of this country. It has been applied to the institution of proceedings under statutes and ordinances, the enforcement of which would result in unlawful deprivation of the right to labor (Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283), the illegal interference with the right to transact interstate commerce free from burdensome state restrictions (Western Union Tel. Co. v. Andrews, 216 U.S. 165, 30 S.Ct. 286, 54 L.Ed. 430; City of Lee's Summit v. Jewel Tea Co., 133 C.C.A. 637, 217 F. 965; Herndon v. Chicago, etc., R. Co. 218 U.S. 135, 30 S. Ct. 633, 54 L.Ed. 970; Jewel Tea Co. v. Carthage, 257 Mo. 383, 391, 165 S.W. 743), the confiscation of property or property rights (Dobbins v. City of Los Angeles, 195 U.S. 223, 241, 25 S.Ct. 18, 49 L.Ed. 169; Home Telephone, etc., Co. v. City of Los Angeles, 227 U.S. 278, 293, 33 S.Ct. 312, 57 L.Ed. 510), the denial of due process of law (Hopkins v. Clemson Agricultural College of South Carolina, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890, 35 L.R.A.,(N.S.) 243), and the denial of the equal protection of the laws (Ex-parte Young, 209 U.S. 123, 146, 147, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,(N.S.) 932, 14 Ann.Cas. 764)."

In the instant case we find no valid call to chancery to restrain the appellee from enforcing an act to regulate the sale of gasoline and petroleum products and which also prohibits the use of lotteries, prizes and other means to induce the sale of gasoline and motor fuels. We cannot see in this law, if enforced, anything that would amount to an irreparable injury to appellant. It is obvious that the appellant is seeking an interpretation by the courts as to the

constitutionality of the law in question rather than the prevention of criminal prosecution which, as appellant claims, amounts to a deprivation of his property rights. We might be inclined to view the jurisdictional question in a different light if prosecutions under an unconstitutional statute were imminent and would result in immediate injury to the property or the property rights of the appellant. We find no such instance here. As said by the Massachusetts court in the case of Shuman v. Gilbert, supra: "A possibility that complaints may be lodged against six persons is not enough under these circumstances to make out a case of multiplicity. The allegations as to repeated complaints are not sufficient to warrant the inference that the courts of this commonwealth will countenance continued and oppressive prosecutions when once a genuine test case open to fair question has been presented and is on its way to final decision."

The appellant in his complaint merely charges that the appellee threatens to enforce the statute, and that (copying from complaint) "* * * the enforcement thereof will seriously effect the rights and property of the plaintiff and other similarly situated and the threatened action will impair and injure plaintiff's business, property, and good will and unless restrained and enjoined will substantially reduce plaintiff's revenue; * * *" and many other allegations. None of the allegations disclose how the enforcement of a statute prohibiting the conjunction with the sale of gasoline and giving of prizes or conducting a lottery, in motor fuel, will injure the appellant's property rights or deprive him of his property. The law in question in no manner prohibits the appellant from carrying on a legitimate wholesale and retail gasoline business.

In the case of Spielman Motor Sales Company, Inc., Appellant, v. William C. Dodge, as District Attorney of New York County, State of New York, reported in 295 U.S. 89–97, 55 S.Ct. 678, 680, 79 L.Ed. 1322, in the opinion written by Mr. Chief Justice Hughes, the law is written, and we adhere to it, that: "The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. [Citing cases.] To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. [Citing cases.] We have said that it must appear that 'the danger of irreparable loss is both great and immediate'; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged."

The appellant's complaint alleged no facts to warrant any conclusions, even as against a demurrer, that the property rights of the appellant are being invaded or that his property was being injured. He alleged that he was engaged in the wholesale and retail gasoline business. We find nothing in L. 1939, Ch. 222, which prohibits the appellant from engaging, or continuing to engage, in that business. The particular section of the act which the appellant claims the appellee

threatens to enforce, being that section which prohibits the use of prizes or lotteries, to-wit, Sec. 201 (e), does not deprive the appellant of the right to engage, or continue to engage, in his business.

For the reasons given, the judgment of the district court in sustaining the demurrer of the appellee, as defendant below, will be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.