12 Mass. App. Ct. 407 (1981)
425 N.E.2d 393
CHARLES KNOX
vs.
MASSACHUSETTS SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS & another.[1]
Appeals Court of Massachusetts, Plymouth.
May 20, 1981.
August 31, 1981.
Present: ARMSTRONG, ROSE, & DREBEN, JJ.
Thaddeus R. Beal, Jr., for Massachusetts Society for the Prevention of Cruelty to Animals.
P.J. Piscitelli, for the plaintiff, submitted a brief.
DREBEN, J.
The plaintiff, a concessionaire, intended to award goldfish as a prize in a game of chance at the Brockton Fair in July, 1980. When informed by the defendant Massachusetts Society for the Prevention of Cruelty to Animals (MSPCA) that such conduct would violate G.L.c. 272, § 80F, the plaintiff sought and obtained from a Probate Court judge a temporary restraining order against the enforcement of the statute. The defendant MSPCA filed a counterclaim seeking a declaration that the statute prohibited the conduct contemplated by the plaintiff. After a hearing, the judge granted a preliminary injunction against enforcement. The plaintiff and the defendant submitted a statement of agreed facts and, upon request of the parties. *408 the judge reported the case to this court. See Mass.R.Civ.P. 64, 365 Mass. 831 (1974); G.L.c. 215, § 13.
The undisputed facts are as follows. For twenty-two years the plaintiff has been running a concession business in various States throughout the country. The defendant MSPCA became aware that the plaintiff intended to run a concession booth at the Brockton Fair where he would award a live goldfish (in a clear plastic bag containing water) as a prize to any person who succeeded in tossing a ping pong ball into one of a number of goldfish bowls aligned in the plaintiff's booth. Some of the bowls were to contain live goldfish. Officers of the MSPCA (see G.L.c. 147, § 10) notified the plaintiff that his offering of goldfish as prizes in connection with a game of skill or chance would violate G.L.c. 272, § 80F. That statute, as inserted by St. 1977, c. 112, provides in relevant part: "No person shall offer or give away any live animal as a prize or an award in a game, contest or tournament involving skill or chance."[2] The plaintiff brought this action, obtained injunctive relief, and did, in fact, give away live goldfish as prizes at the Brockton Fair on July 3, 4, and 5, 1980.
We first note that the granting of injunctive relief was improper. The threat of criminal prosecution is not, in itself, ground for relief. Shuman v. Gilbert, 229 Mass. 225, 227 (1918). "Very special circumstances," as defined in Norcisa v. Selectmen of Provincetown, 368 Mass. 161, 171 (1975), are required.
As long as no criminal prosecution is actually pending, declaratory relief is, however, not precluded. Compare Norcisa v. Selectmen of Provincetown, 368 Mass. at 172-173. This is true even though the matter involves "the possible enforcement of a criminal statute." Mobil Oil Corp. v. Attorney Gen., 361 Mass. 401, 405 (1972). Sun Oil Co. v. Director of the Div. on the Necessaries of Life, 340 Mass. 235, 239 (1960). See Steffel v. Thompson, 415 *409 U.S. 452, 469, 475 (1974) (different considerations involved in granting declaratory relief and injunctive relief). Declaratory relief may be sought by counterclaim, Mobil Oil Corp. v. Attorney Gen., 361 Mass. at 405, and by the officials charged with the statute's enforcement. "[I]t may be the part of wisdom for the responsible officials to seek ... judicial clarification of the situation before subjecting [concessionaires] to the hazard and discomfort of criminal litigation." Attorney Gen. v. Kenco Optics, Inc., 369 Mass. 412, 415-416 (1976). We think declaratory relief is appropriate in this case as the question of the scope of the statute is of continuing concern to all the parties. See generally Note, Declaratory Relief in the Criminal Law, 80 Harv. L Rev. 1490 (1967)
The question raised by the report is whether the word "animal" includes goldfish. Unlike statutes of some other States,[3] or other Massachusetts legislation relating to animals, see, e.g., G.L.c. 132B, § 2 (pesticide control act), G.L.c. 272, § 80F, does not define the word "animal". The section is one of a series of provisions designed to prevent cruelty and neglect to animals; some of the provisions protect animals generally, e.g., G.L.c. 272, §§ 77 and 81, and some are concerned with the treatment of certain animals and classes of animals, e.g., G.L.c. 272, §§ 78A, 85A. These statutes are "directed against acts which may be thought to have a tendency to dull humanitarian feelings and to corrupt the morals of those who observe or have knowledge of those acts." Commonwealth v. Higgins, 277 Mass. 191, 194 (1931).
In Commonwealth v. Turner, 145 Mass. 296, 300 (1887), after construing the offense to be "against public morals, *410 which the commission of cruel and barbarous acts tends to corrupt," the court applied the statute to a defendant who let loose a fox to be hunted by dogs even though a fox was a "noxious animal" which could lawfully be killed by hunting with dogs. In the course of its opinion, the court noted, "The word `animal,' in its common acceptation, includes all irrational beings." Id. at 301. This broad definition, which accords with most dictionary meanings,[4] leaves us little to contribute by deliberating on where the line should be drawn on any taxonomic scale. See Model Penal Code § 250.11, Comment 2 (Official Draft 1980) (cruelty to animals). We merely conclude, in interpreting this humane statute designed to protect animals subject to possible neglect by prizewinners, that G.L.c. 272, § 80F, applies to goldfish.
The plaintiff's additional challenge to the statute on due process grounds because of vagueness is not properly before us in view of the agreement of the parties and the judge on the single issue to be reported. In any event, the challenge is not well taken. The general scope of the statute is substantially clear, see Commonwealth v. Bohmer, 374 Mass. 368, 374 (1978), and there is no constitutional problem as to its future application to the plaintiff. See Commonwealth v. Sefranka, 382 Mass. 108, 117-118 (1980). See generally Note, Declaratory Relief in the Criminal Law, 80 Harv.L.Rev. at 1491-1498, 1502-1503.
The matter is remanded to the Probate Court to vacate the injunction and to enter a judgment declaring that the word "animal" as used in G.L.c. 272, § 80F, includes goldfish.
So ordered.
NOTES
[1] City of Brockton.
[2] The statute provides an exception, not here applicable, for awards made to persons participating in programs relating to animal husbandry.
[3] See Leavitt, Animals and their Legal Rights 21-22 (2d ed. 1970), which contains the anticruelty laws of various States, and indicates which States protect "any animal." See also 3A C.J.S. Animals § 100 (1973), which divides protective statutes into two classes, "Those which protect all animals, in the construction of which the word `animal' is usually held to include all living creatures except man" (C.J.S. includes Massachusetts in this category), and "those which protect only certain enumerated animals".
[4] See, e.g., Black's Law Dictionary 80 (5th ed. 1979): "Non-human, animate being which is endowed with the power of voluntary motion. Animal life other than man"; American Heritage Dictionary of the English Language 52 (1976): "Any organism of the kingdom animalia, distinguished from plants by certain typical characteristics...."