UNITED OIL PAINTINGS, INC. *vs.* COMMONWEALTH. No. 90-P-35. May 24, 1991. *Practice, Civil*, Declaratory proceeding, Parties, Standing. *Declaratory Relief.*

This is an appeal from the dismissal of a suit, for lack of standing, brought by United Oil Paintings, Inc. (United), seeking a declaratory judgment as to the constitutionality of G. L. c. 94, § 277C (the statute). In its complaint, United, a Massachusetts corporation engaged in the business of selling inexpensive paintings at retail, alleged that the statute is an attempt to limit the advertisement of paintings and is intended to affect United's business and those businesses that sell larger quantities of inexpensive oil paintings at retail.

The statute, inserted by St. 1988, c. 204, provides in pertinent part:

"No person shall sell, or offer or expose for sale, or have in his possession with intent to sell, any painting which is not an original painting unless it is plainly labeled 'not an original'. . . .

"Whoever violates any provision of this section shall be punished by a fine of not more than one hundred dollars for each such painting.

"For the purposes of this section, the phrase 'original painting' shall mean a painting in any medium which has been independently created and executed and signed by the individual artist. . . ."

United asked that the statute be declared unconstitutional and that the Commonwealth and its agents be enjoined from enforcing it. After a trial in Superior Court, the judge entered findings of fact, rulings of law, and an order for judgment. The judge ordered that the case be dismissed without prejudice "due to United's lack of standing." We summarize the facts found by the judge, none of which is clearly erroneous.

United is a Massachusetts corporation in the business of buying and selling inexpensive oil paintings. Many of the paintings are produced in foreign countries and are stored and sold in Massachusetts. The president of United and an expert from Hong Kong, witnesses for United, testified that some of the paintings sold by United were hand painted by one individual artist and signed by that artist. They also opined that the paintings

were independently created, as they were one of a kind with different variations or were part of a series.

There was no evidence introduced that the paintings bought and resold by United were created by any other means than being hand painted by an individual artist. There was no evidence that United had ever imported, sold or possessed paintings that were (1) machine produced, (2) photoenhanced, (3) mechanically produced, or (4) produced by several artists working in an assembly line fashion.

The Commonwealth, the judge found, has not charged United or any of its employees with violating the statute, has not threatened to charge United with its violation, and has not made any determination whether United has violated the statute. There was no evidence that any law enforcement personnel have charged or have threatened to charge United or its employees with violation of the statute.

In order to bring an action for declaratory relief under G. L. c. 231A, §§ 1 & 2, there must be both an actual controversy and legal standing. *Massachusetts Assoc. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 292 (1977). The two issues are closely related. *Ibid.* To be justiciable, a "controversy in the abstract is not sufficient." *id.* at 293; the declaration sought must be "intended to have an immediate impact on the rights of the parties." *Bello* v. *South Shore Hosp.*, 384 Mass. 770, 778 (1981). There is standing when a party "can allege an injury within the area of concern of the statute." *Massachusetts Assoc. of Indep. Ins. Agents & Brokers, Inc., supra* at 293. Where there is an injury, or a threatened injury, a declaration will have an immediate impact.

The judge found the plaintiff "made no showing that it has been harmed by the [statute], that it will be harmed by the [statute], or that the Commonwealth or local law enforcement will ever seek to charge it with violating the [statute]." We have, then, a case in which the plaintiff merely seeks an advisory opinion as to the constitutionality of a statute. "Parties are not entitled to decisions upon abstract propositions of law unrelated to some live controversy." *Duane* v. *Quincy*, 350 Mass. 59, 61 (1966), quoting from *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 526 (1942).

There is no real dispute and no cognizable injury. Contrast *Mobil Oil Corp.* v. *Attorney Gen.*, 361 Mass. 401, 405-406 (1972) (plaintiff who used promotional games in its business sought declaration that statute prohibiting such games was unconstitutional while Attorney General counterclaimed for a determination that the continued use of these promotions was prohibited); *First Natl. Bank* v. *Attorney Gen.*, 371 Mass. 773, 774-776 (1977), rev'd on other grounds, 435 U.S. 765 (1978) (plaintiffs who intended to advertise their views with respect to a proposed constitutional amendment brought declaratory judgment action to determine constitutionality of statute which would prevent them from doing so against the Attorney General who indicated that he would prosecute plaintiffs under

the statute); *District Attorney for the Suffolk Dist.* v. *Watson*, 381 Mass. 648, 659-660 (1980) (district attorney brought declaratory judgment action to determine the constitutionality of a capital punishment statute which he was bound to enforce by his oath of office); *Knox* v. *Massachusetts Soc. for the Prevention of Cruelty to Animals*, 12 Mass. App. Ct. 407 (1981) (concessionaire who intended to award goldfish as a prize in a game of chance at the Brockton Fair, after being informed by the MSPCA that he would be in violation of G. L. c. 272, § 80F, obtained a temporary restraining order against enforcement of the statute and MSPCA counterclaimed seeking a declaration that the statute prohibited the conduct contemplated by the plaintiff).

*Judgment affirmed.*

*Alvin S. Nathanson* for the plaintiff.

*Douglas H. Wilkins*, Assistant Attorney General, for the Commonwealth.