**ASSOCIATED STUDENTS OF the UNI-
VERSITY OF CALIFORNIA AT RIV-
ERSIDE, an unincorporated associa-
tion, et al., Plaintiffs,**

v.

**Richard KLEINDIENST, Attorney-Gen-
eral of the United States, et al.,
Defendants.**

**Civ. No. 72–1327–F.**

United States District Court,
C. D. California.

May 11, 1973.

Carlyle W. Hall, Jr., Mary D. Nichols,
John R. Phillips, Brent N. Rushforth,
Fredric P. Sutherland, Center for Law
in Public Interest, Los Angeles, Cal., for
plaintiffs.

Michael Hunter, General Litigation
Section, Civil Division, Washington, D.
C., William D. Keller, U. S. Atty., Fred-
erick M. Brosio, Jr., Asst. U. S. Atty.,

Chief, Civil Division, Donald J. Merriman, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

Arthur S. Ecker, Beverly Hills, Cal., for amicus curiae Los Angeles Area Council Planned Parenthood World Population.

Thomas J. Cunningham, Donald L. Reidhaar, Norman I. Lustig, Berkeley, Cal., for Moving Parties in Motion to Intevene by Regents of University of Cal.

## MEMORANDUM OPINION

FERGUSON, District Judge.

The Regents of the University of California have moved to intervene in this action.

On June 13, 1972, the action was filed by the named plaintiffs seeking declaratory and injunctive relief against the enforcement of portions of 18 U.S.C. § 1461 pertaining to the mailing of birth control and abortion information.

On September 8, 1972, the Regents of the University of California, a corporation, filed a motion to dismiss the action as to the Associated Students of the University of California at Riverside on the ground that the name of that plaintiff had been affixed to the action without the authorization of the Regents of the University of California.

The court denied the motion, on the basis that the Regents were not a party to the action and, therefore, were not authorized to make any motion in this case.

The present motion was then filed by the Regents. The motion is

"to Intervene, Drop a Party and to Dismiss, pursuant to Rules 24, 21, 41(e)(2) and other relevant law on the following grounds:

"That plaintiff ASSOCIATED STUDENTS OF THE UNIVERSITY OF CALIFORNIA AT RIVERSIDE is a sub unit of THE REGENTS OF THE UNIVERSITY OF CALIFOR-

NIA and has no independent existence and no power to file legal actions;

"That the name of the ASSOCIATED STUDENTS OF THE UNIVERSITY OF CALIFORNIA AT RIVERSIDE has been affixed to this action without the authorization of THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, which owns the name of said 'ASSOCIATED STUDENTS OF THE UNIVERSITY OF CALIFORNIA AT RIVERSIDE';

"That the ASSOCIATED STUDENTS OF THE UNIVERSITY OF CALIFORNIA AT RIVERSIDE is not the real party in interest in this action but that THE REGENTS OF THE UNIVERSITY OF CALIFORNIA is the real party in interest."

Prior to the filing of the motion to intervene, the court in a pre-trial conference order found that the plaintiff Associated Students of the University of California at Riverside is the official student government organization on the Riverside campus of the University of California. It is funded by student fees and supports projects of interest to students on the Riverside campus. The Legislative Council of the plaintiff Associated Students voted to institute this action in order to establish the association's right to distribute information concerning birth control and abortion to students registered at the University via the United States mails.

The Associated Students claims that it may maintain the action by virtue of Rule 17(b) of the Federal Rules of Civil Procedure. That rule provides generally that capacity to sue is determined by state law. An exception, however, is

"that a partnership or other unincorporated association, which has no such capacity by the law of [the state in which the district court is held], may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States . . . ."

■■ The substantive right asserted by the Associated Students is founded on the First Amendment. If the Associated Students constitutes an "unincorporated association" within the meaning of Rule 17(b), then it has capacity to sue. The Regents contend that the organization does not qualify as an unincorporated association. In resolving this issue, two questions are presented: first, must federal or state law be looked to for a definition of "unincorporated association" for capacity purposes? Second, under the applicable law, is the Associated Students an unincorporated association?

The Regents assert that

"it is federal law that for purposes of Rule 17, the laws of the state in which the court is sitting, govern the question of what constitutes an unincorporated association. Coverdell v. Mid-South Farm Equip. Ass'n, Inc., 335 F. 2d 9 (6 Cir. 1964); 6 Wright and Miller § 1564, pp. 742–743."

In *Coverdell*, the court applied state law in determining that a trust was not an unincorporated association. In that case, however, no federal substantive right was asserted; the action was for breach of contract. The *Coverdell* court considered only that part of Rule 17(b) which provides generally that state law governs capacity to sue. The exception in Rule 17(b) which permits an unincorporated association to sue to enforce a federal substantive right was not involved. If, as in *Coverdell*, no federal substantive right is asserted, then Rule 17(b) requires that state law be applied to determine capacity to sue. But where, as here, a federal substantive right is claimed, federal courts must apply federal and not state law in determining what constitutes an unincorporated association for capacity purposes.

It is well settled that

"under Rule 17(b), in an action where a substantive federal right as distinguished from a right arising under local state law is involved, the capacity of an unincorporated association to sue or be sued will be governed by federal law; but where no federal right is involved the capacity of such an association to sue or be sued is governed by local law. . . . " Wilson & Co. v. United Packinghouse Workers, 181 F.Supp. 809, 815 (N.D.Iowa 1960).

*See* Oskoian v. Canuel, 264 F.2d 591, 593 (1st Cir. 1959); Benz v. Compania Naviera Hidalgo, 233 F.2d 62, 67 (9th Cir. 1956), aff'd, 353 U.S. 138, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957); 3A J. Moore, Federal Practice ¶ 17.25, at 851–53 (2d ed. 1970); *compare* Underwood v. Maloney, 256 F.2d 334, 337 (3d Cir.), cert. denied, 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed.2d 97 (1958).

■ The Associated Students clearly constitutes an "unincorporated association" within the meaning of Rule 17(b) as that term has been interpreted by federal courts. The court in Local 4076, United Steelworkers v. United Steelworkers, 327 F.Supp. 1400, 1403 (W.D. Pa.1971), defined an unincorporated association in the context of Rule 17(b) as "a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective." In Yonce v. Miners Memorial Hospital Association, 161 F.Supp. 178, 186 (W.D.Va.1958), the court adopted a similar definition, specifying that it encompassed "trade unions, fraternal organizations, business organizations, and the like." *See* Hecht v. Malley, 265 U.S. 144, 157, 44 S.Ct. 462, 68 L.Ed. 949 (1924); Penrod Drilling Co. v. Johnson, 414 F.2d 1217, 1222 (5th Cir. 1969), cert. denied, 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 495 (1970); Wilson & Co. v. United Packinghouse Workers, *supra*. *Cf.* Connor v. Johnson, 256 F.Supp. 962, 965 (S.D.Miss.1966), aff'd mem., 386 U.S. 483, 87 S.Ct. 1174, 18 L.Ed.2d 224 (1967).

The Associated Students clearly comes within these definitions of an "unincorpo-

rated association." The Associated Students in this action is asserting a right of its own grounded on the First Amendment. Under Rule 17(b), therefore, it may sue in its own name to enforce that right.

Moreover, the Associated Students has an independent basis for suing in its own name because it is asserting rights of its student members. In National Student Association v. Hershey, 134 U.S.App.D.C. 56, 412 F.2d 1103 (1969), the plaintiffs included a group of student political organizations. Among them was the National Student Association, which purported to speak for "all students in institutions of higher learning in America." The court concluded that all the organizations "have standing to assert both their own First Amendment interests and those of their members." 412 F.2d at 1120–1121. In United Federation of Postal Clerks v. Watson, 133 U.S.App.D.C. 176, 409 F.2d 462, 470, cert. denied, 396 U.S. 902, 90 S.Ct. 212, 24 L.Ed.2d 178 (1969), the court "allowed associations to assert their members' interests when the 'association is an authorized spokesman organized to promote these interests for its individual members.'" (Footnote omitted.) Cf. Sierra Club v. Morton, 405 U.S. 727, 739, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); NAACP v. Button, 371 U.S. 415, 428, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); NAACP v. Alabama, 357 U.S. 449, 458–459, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); Environmental Defense Fund v. Environmental Protection Agency, 150 U.S.App.D.C. 348, 465 F.2d 528, 531 n. 1 (1972); Environmental Defense Fund v. Hardin, 138 U.S.App.D.C. 391, 428 F.2d 1093, 1097 (1970).

For these reasons, the Associated Students, as the official student government organization at the University of California at Riverside, clearly has capacity to sue in this action. Whether the Associated Students has capacity to sue under state law without the permission of the Regents need not be decided by this court because of Rule 17(b).

■ Rule 24, Federal Rules of Civil Procedure, is the intervention rule. There are two types of intervention: (a) as a matter of right, and (b) permissive. Intervention as a matter of right is allowed when (1) a federal statute confers the right, or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and, as a practical matter, disposition of the action will impair the ability to protect that right.

There is no statute which gives the Regents the right to intervene, and they have asserted no interest in whether the challenged part of 18 U.S.C. § 1461 is constitutional or not.

■ Intervention may be permitted when (1) a statute confers a conditional right to intervene, or (2) an applicant's claim or defense and the main action have a question of law or fact in common.

The Regents have not informed the court of their position with respect to § 1461. In fact, they have failed to comply with Rule 24(c), which states that the motion in addition to stating the grounds "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

Rules 21 and 41(a)(2) [incorrectly cited by the applicant as 41(e)(2)], referred to by the Regents in their motion, are relevant only in the event that the Regents become a party.

■ The motion of the Regents of the University of California to intervene is denied.