PLANNING BOARD OF WATERTOWN *vs.* BOARD OF APPEALS OF WATERTOWN & another. May 31, 1977. This is an appeal by the planning board from the affirmance by a Superior Court judge of the grant of a variance by the board of appeals from setback requirements of the zoning by-law of the town of Watertown. We conclude that the "substantial hardship" found by the board of appeals and by the judge is not the kind which supports a variance within the meaning of G. L. c. 40A, § 15, cl. 3, as then in effect. Neither the judge's findings as to the inhibiting effect of the requirement on "the most appropriate use of the land" (but see *Bruzzese* v. *Board of Appeals of Hingham,* 343 Mass. 421, 424 [1962]; *Wolfson* v. *Sun Oil Co.* 357 Mass. 87, 90 [1970]) nor such additional findings as we might properly supply from the evidence (*Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. 133, 135, 138 [1974]) serve to sustain the burden of the landowner and the board of appeals of producing evidence (*Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555-556 [1962]) that "substantial hardship" arose from "conditions especially affecting [the locus] but not affecting generally the zoning district in which it is located." G. L. c. 40A, § 15, cl. 3, as then in effect. *Bouchard* v. *Ramos,* 346 Mass. 423, 425-426 (1963). *Cass* v. *Board of Appeal of Fall River,* 2 Mass. App. Ct. 555, 559 (1974). See *Bicknell Realty Co.* v. *Board of Appeal of Boston,* 330 Mass. 676, 680 (1953). While the judge found that the railroad "serves only the singular purpose of facilitating deliveries to [the landowner's] property . . . and affects no other property within that zoning district similarly," and that "its use or lack of use affects no other parcel," those findings were unsupported by the evidence before the judge other than the decision of the board of appeals itself. The findings contained in that decision were entitled to no evidentiary weight. *Devine* v. *Zoning Bd. of Appeals of Lynn,* 332 Mass. 319, 321 (1955). The findings must therefore be discounted as "clearly erroneous." Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). *Selectmen of Blackstone* v. *Tellestone,* 4 Mass. App. Ct. 311, 314 (1976). The only unusual feature of the locus discernible from the evidence is the fact that the tracks end there, and that fact alone does not warrant an inference that the setback requirement works a greater hardship on this landowner than on others owning property along the path of the railroad in the zoning district. The evidence tending to suggest that the defendant landowner's plight was not shared by other owners of land lying between Irving Street and the next intersecting street to

the east is unavailing, as that area represents less than a third of the distance traversed by the tracks within the zoning district and because a condition need not affect all property in a district in order to be regarded as a condition generally affecting the district as a whole. *Shacka* v. *Board of Appeals of Chelmsford,* 341 Mass. 593, 595 (1961). It follows that the board of appeals was without power to grant relief from the setback requirement, unreasonable as that requirement might otherwise appear on the facts of this case. On the view we take of the case it becomes unnecessary to consider other issues raised in the planning board's brief on appeal. The judgment is reversed. There is to be entered a new judgment that the decision of the board of appeals exceeded its authority and is annulled. Neither party is to have costs of appeal.

*So ordered.*

*John W. Marshall* for the plaintiff.

*Edward G. Seferian,* Town Counsel, for the Board of Appeals of Watertown & *John F. Corbett* for Yolanda Realty Trust.