OLGA PLOSKI *vs.* ZONING BOARD OF APPEALS OF SOMERSET. March 8, 1979. The zoning board of appeals of the town of Somerset (board) granted a variance to the plaintiff and her husband (who has since died) permitting the construction of a proposed building closer to the rear boundary line of the premises than otherwise permitted by the

zoning by-law. The variance was granted subject to the restriction that "no restaurant or grocery/variety store be operated on the premises." The board's decision was appealed to the District and Superior Courts pursuant to G. L. c. 40A, § 21 (as in effect prior to St. 1975, c. 808, § 3). The plaintiff now appeals from a judgment entered against her in the Superior Court, wherein the judge ruled that the board's decision was not in excess of its authority, and she seeks to have the restriction annulled and struck from the board's decision. On the record before us, we cannot afford the plaintiff the relief she seeks. 1. The thrust of the plaintiff's principal argument is that the board was without authority to prohibit a use otherwise permitted by art. IV, § 2, of the town's zoning by-law. Although art. IV, § 2, is referred to in the plaintiff's brief, it is not set forth in the record by "copy, quotation, or paraphrase" and is therefore not before us. See *Boyle* v. *Building Inspector of Malden*, 327 Mass. 564, 566 (1951); *Salah* v. *Board of Appeals of Canton*, 2 Mass. App. Ct. 488, 490 n.2 (1974). Zoning by-laws are not matters of which we can take judicial notice. *Gaunt* v. *Board of Appeals of Methuen*, 327 Mass. 380, 381 (1951). *Nigro* v. *Jones*, 332 Mass. 741, 743 (1955). 2. Nor is there anything before us that would indicate that the board would have granted the variance without any restriction. We are unwilling to vacate the restriction and leave the plaintiff with an unconditional variance. See 101 C.J.S. Zoning § 310 (1958). 3. Further, from what is before us, it is evident that the board's decision failed to comply with the requirements of G. L. c. 40A, § 15, par. 3 (as in effect prior to St. 1975, c. 808, § 3). See *Ferrante* v. *Board of Appeals of Northampton*, 345 Mass. 158, 161 (1962), and cases cited. The board did not specifically find, and the evidence in the Superior Court did not support a finding, that there are conditions especially affecting the plaintiff's land which do not generally affect the zoning district in which the land is located. Compare *Barnhart* v. *Board of Appeals of Scituate*, 343 Mass. 455, 456 (1962); *Planning Bd. of Watertown* v. *Board of Appeals of Watertown*, 5 Mass. App. Ct. 833, 833-834 (1977); *Costa* v. *Zoning Bd. of Appeals of Framingham*, 6 Mass. App. Ct. 872 (1978). If the board's decision had been appealed by abutters or other persons aggrieved by the grant of the variance, the Superior Court would have been required to annul the decision as in excess of the board's authority. However, as there was no appeal from the grant of the variance, we leave the plaintiff where we find her, with the variance as it was granted by the board. We note that the judgment entered in the Superior Court dismissed the plaintiff's action. The action should not have been dismissed. *Kiss* v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 160 (1976). The language of the judgment dismissing the action is struck and is to be replaced with "The decision of the board of appeals has not been shown to be in excess of its authority and is affirmed." As so modified, the judgment is affirmed.

*So ordered.*

*Steven P. Sabra* for the plaintiff.
*Charles I. Tucker*, for the defendant, submitted a brief.