BOARD OF SELECTMEN ·OF STOCKBRIDGE *vs.*
MONUMENT INN, INC.
(and a companion case[1]).

Berkshire.    June 11, 1979. — July 24, 1979.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Practice, Civil,* Intervention. *Zoning,* Special permit, Conditions,
Modification of special permit by judge.

In an action by a board of selectmen seeking injunctive relief against
the holder of a special permit, the judge·did not abuse his discretion
in denying a motion to intervene by abutters where the motion was
not accompanied by any pleading and counsel for the applicants
merely advised the judge that they would adopt the board's com-
plaint if they were permitted to intervene. [161-162]
An action to determine whether a special permit issued by a board of
selectmen was unconditional or restricted by certain conditions set
out in a letter agreement between the landowner and abutters was
remanded for further proceedings in the trial court, where the judge
in the trial court did not determine whether the permit was subject
to the conditions in the letter, but, rather, erroneously modified the
permit to make it subject to eight conditions, none of which had
been imposed by the board in granting the permit. [163-165]

TWO CIVIL ACTIONS filed in the Superior Court on July
1, 1977.

A motion to intervene and motions for summary judg-
ment were heard by *George, J.,* a District Court judge
sitting under statutory authority.

*F. Anthony Mooney (James P. Dohoney* with him) for
Monument Inn, Inc.

*David O. Burbank* for the Board of Selectmen of Stock-
bridge.

*Cynthia J. Cohen* for the interveners.

---

[1] Monument Inn, Inc. *vs.* Board of Selectmen of Stockbridge.

HALE, C.J. Monument Inn, Inc., doing business as Music Inn, holder of a special permit issued by the board of selectmen of Stockbridge (board), appeals from a summary judgment, entered in each of two consolidated actions, which upheld the special permit but subjected it to eight restrictions. In addition, certain abutters[2] appeal from the denial of their motion to intervene as plaintiffs in the action brought by the board.

We summarize the facts and the procedural background of these appeals as they are revealed by the record appendix, as supplemented by an appendix filed by the would be interveners by leave of this court.[3] On March 24, 1970, the board, as the special permit granting authority for Stockbridge (Town of Stockbridge Zoning By-Law § VII B 3 [1967]), issued Music Inn a special permit "to operate a hotel facility, including music and cultural programs, a restaurant and a lounge." At the hearing on Music Inn's application for the permit, certain abutters to Music Inn's property expressed objections to the granting of the permit due to their concern for the potential impact of Music Inn's operations upon a private water supply serving its property as well as theirs. The board took the application under advisement pending a resolution of those objections. On March 23, 1970, counsel for Music Inn and for the abutters entered into a letter agreement (the Dohoney/Reder letter) which provided that the application for a special permit would apply only to existing structures and facilities, that Music Inn would not extend or enlarge its present facilities without permission of the board, and that it would not install or enlarge existing water outlets. A copy of the letter was delivered

---

[2] John Mason Harding, Anthony Murad, Horace Harding, Leon M. Bourquard, Heinz Weissenstein, Charlotte Weissenstein, Lois Schaefer, Stephen V.C. Morris, Valerie Greenfield, and Carl Greenfield.

[3] We have not considered in the course of deciding these appeals the materials contained in a supplemental appendix filed by the board without leave of court.

to the board at the adjourned public hearing held on March 23, 1970.

A detailed record of the board's proceedings was filed with the town clerk pursuant to G. L. c. 40A, § 18 (as amended through St. 1969, c. 870, § 1). Neither this record nor the official notification to Music Inn advising that its application had been granted specifically referred to the Dohoney/Reder letter or to the conditions stated therein. The record did, however, refer to the attendance of attorneys Dohoney and Reder at the hearing and noted that "the applicant and the citizens decided to solve this internal problem among themselves and try to come up with a solution to their common problem." The record further stated that "[e]veryone felt that the license should be granted if the Board imposed certain limitations on the license to control the facility."

Approximately four years later, acting upon the request of counsel for Music Inn, the board provided Music Inn with a "Notice of Conditional Special Permit" in form suitable for recording. That notice, which Music Inn recorded at the Berkshire Middle District registry of deeds provided that the permit was subject to the conditions set forth in the Dohoney/Reder letter which was attached to the notice and incorporated in it by reference. The parties have stipulated that the notice was sought "because in 1974 a selectman contended that the 1970 special permit was conditional and realizing that, if this was correct, notice of a conditional permit was required to be recorded under former G.L. [c]. 40A."

The actions commenced by both parties were precipitated when, on June 13, 1977, the board, acting as the enforcing authority (Zoning By-Law § VII A 1), issued a cease and desist order, contending that Music Inn had violated the conditions of the special permit, and requested Music Inn to take corrective action. In the first action (No. 28544), the board sought preliminary and final injunctive relief against Music Inn on the ground that it had violated the conditions of its special permit by relo-

cating and enlarging its stage facilities for the purpose of conducting amplified music concerts to be attended by a substantially increased number of patrons. In the second action (No. 28545) Music Inn sought a declaratory judgment to the effect that the permit was unconditional, that the cease and desist order issued by the board was invalid, and that Music Inn had not violated the terms of any zoning permit held by it.[4]

The board's motion for a preliminary injunction was denied. The two actions were consolidated and, after a hearing before a second judge, a summary judgment was entered which affirmed Music Inn's permit subject to eight conditions, none of which the board had imposed under the permit.[5] The judgment, as a preamble to the conditions, states that "[i]t would appear to be in the best interest of both parties if the scope of Music Inn's activities can be defined so that it can continue to operate with a minimum of friction."

Two weeks after the board had filed its complaint, certain abutters, who had brought an earlier action against Music Inn which sounded in nuisance, filed a motion for leave to intervene as parties plaintiff in the board's action. The motion was heard and denied at the same hearing which resulted in the summary judgment. The motion had no accompanying pleading (Mass.R.Civ.P. 24[c], 365 Mass. 770 [1974]), but counsel for the would be interveners stated that if the motion were allowed, the applicant-interveners would adopt the board's complaint as their own.

1. We consider first the would be interveners' appeal, in which they argue that they were entitled to intervene as a matter of right pursuant to Mass.R.Civ.P. 24(a) (2),

---

[4] We have not included in our description of the two actions those matters that were raised but are not now argued by the parties.

[5] The eight conditions imposed in the judgment were derived largely from the "Recommendations" made earlier by the judge who denied the board's motion for a preliminary injunction.

365 Mass. 769-770 (1974).[6] Although courts frequently view applications to intervene as of right leniently because denial may entail serious harm (*McDonald* v. *E.J. Lavino Co.*, 430 F.2d 1065, 1073 [5th Cir. 1970]; Smith & Zobel, Rules Practice § 24.4 [1975]), the judge is entitled to a full range of reasonable discretion in determining whether the requirements of intervention have been met (*Rios* v. *Enterprise Assn. Steamfitters Local 638*, 520 F.2d 352, 355 [2nd Cir. 1975]), and his decision will not be reversed in the absence of an abuse of discretion. *Haverhill* v. *DiBurro*, 337 Mass. 230, 235-236 (1958), and case cited. *Virginia* v. *Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

Our examination of the record reveals no abuse of discretion. In addition to the requirements set forth in rule 24(a) (2), a motion to intervene must be "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Mass.R.Civ.P. 24(c). We note that the motion in this case was not accompanied by any such pleading. Rather, counsel for the applicants orally advised the judge that they would adopt the board's pleadings if they were permitted to intervene. Although the record does not reveal the ground for the judge's decision, which may also have been based on a conclusion that the applicants' interests would be adequately represented by the board, it was within his discretion to deny the motion on the basis of these facts, and there was no error. *Abramson* v. *Penwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968). *Associated Students of the Univ. of Cal.* v. *Kleindienst*, 60 F.R.D. 65, 68 (C.D. Cal. 1973). But see *Alexander* v. *Hall*, 64 F.R.D. 152, 156 (D.S.C. 1974); 7A Wright & Miller, Federal Practice and Procedure § 1914 (1972).

---

[6] Massachusetts Rule of Civil Procedure 24(a)(2) provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

2. Music Inn's appeal is atypical in that both parties agree that the judge erred in imposing conditions or restrictions which were not made part of the special permit at the time it was originally granted. The court's authority to fashion the judgment it did is limited. See *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 558-559 (1954); *Roberts-Haverhill Associates* v. *City Council of Haverhill*, 2 Mass. App. Ct. 715, 717 (1974); *Strand* v. *Planning Bd. of Sudbury*, 5 Mass. App. Ct. 18, 21-23 (1977). Modification of a special permit by the court is permitted where "it is clear from the record that exactly the same ultimate result would occur from a remand as that effected by the decree . . . ." *Chira* v. *Planning Bd. of Tisbury*, 3 Mass. App. Ct. 433, 440 (1975). See *D'Ambra* v. *Zoning Bd. of Appeal of Attleboro*, 324 Mass. 61, 62-63 (1949); *Tambone* v. *Board of Appeal of Stoneham*, 348 Mass. 359, 364 (1965). The board's statutory function was usurped when the judge modified the permit as part of his affirmance of it. That the modification was made in a good faith effort to resolve the problem does not legitimatize it.

The only conflicts now remaining between the board and Music Inn are whether the permit of March 24, 1970, was unconditional or was subject to the conditions set out in the Dohoney/Reder letter and, if the permit was subject to those conditions, whether Music Inn has violated them as alleged by the board. Music Inn would have us remand the cases to the Superior Court with instructions to enter a judgment declaring that its special permit is unconditional. The board, on the other hand, asks us to insert the Dohoney/Reder conditions in the permit. In the alternative, the board would have us remand the cases for further proceedings below.

We conclude that the last course is the only one for us to take. The judgment affirmed the issuance of the special permit but made it subject to the eight restrictions both parties agree were invalid. The judgment was an integrated whole, and the invalidity of such a substantial

portion of it must destroy the validity of the entire judgment. Moreover, the judgment did not determine the principal issue in each of the cases before the court: whether the permit was subject to the conditions set out in the Dohoney/Reder letter. It would be unconscionable to leave Music Inn with a judgment awarding it an unconditional permit when in our view the judgment entered determined nothing. Compare *Ploski* v. *Zoning Bd. of Appeals of Somerset,* 7 Mass. App. Ct. 874 (1979).

The detailed record of proceedings filed with the town clerk does not, as it stands, establish that the permit was restricted by the conditions set out in the Dohoney/Reder letter. Whether the permit as initially issued was intended to be so restricted and whether the failure to set that out was inadvertent or due to a clerical error, are questions of fact which, as they were left unresolved by the judge's summary handling of these cases, must be resolved upon further proceedings in the Superior Court. Events surrounding and following the issuance of the permit, such as the filing of the "Notice of Conditional Special Permit" by Music Inn at the registry of deeds, may shed some light on the matter, particularly on the state of mind of the parties on March 24, 1970, when the permit issued. The law is clear that the board has the inherent power, without holding a further public hearing, to correct an inadvertent or clerical error in its decision so that the record reflects its true intention (*Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 552-553 [1962]; *Burwick* v. *Zoning Bd. of Appeals of Worcester,* 1 Mass. App. Ct. 739, 742 [1974]), so long as the correction does not constitute a "reversal of a conscious decision" (*Cassani* v. *Planning Bd. of Hull,* 1 Mass. App. Ct. 451, 456 [1973]), does not grant relief different from that originally sought, and does not change the result of the original decision (see *Potter* v. *Board of Appeals of Mansfield,* 1 Mass. App. Ct. 89, 95 [1973]), and so long as no one relying on the original decision has been prejudiced by the correction (*Shuman* v. *Aldermen of Newton,* 361

Mass. 758, 765 [1972]). If the permit is, finally, found to be restricted by the conditions set out in the Dohoney/ Reder letter, a further question of fact remains to be determined whether there has been a breach of any of those conditions.

The order denying the motion to intervene is affirmed without prejudice to the filing of a new motion. The judgments are reversed, and the cases are remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*