CARE AND PROTECTION OF TWO MINORS. June 5, 1981. Two children, a daughter (born January 30, 1977), and a son (born July 14, 1978), were the offspring of the father (declared to be such in a Probate Court proceeding) and the mother. The parents were not married to each other. Petitions were brought in 1978 by a social worker in the Department of Public Welfare (the Department), now known as the Department of Social Services, in a Juvenile Court seeking orders to transfer each child to the custody of the department. G. L. c. 119, §§ 1 and 21 to 27, as

amended. Several hearings have been held before different judges in the Juvenile Court over a two-year period. The most recent was before the appropriate Juvenile Court appeals session. See G. L. c. 119, § 27, as amended through St. 1978, c. 478, § 51. The end result of the proceedings has been a judgment dated September 29, 1980, based on findings, dated April 4, 1980, (1) that the children require care and protection, (2) that they are to be permanently committed to the department. The hearing on which the findings were based ended on February 27, 1980. The parents each appealed to this court. The mother has filed no brief.

1. Counsel for the department concedes that the findings are inadequate to support the order made over a year ago, in the light of recent decisions of the Supreme Judicial Court. See *Custody of a Minor*, 377 Mass. 876, 881-882 (1979); *Custody of a Minor (No. 2)*, 378 Mass. 712, 719 (1979); *Bezio* v. *Patenaude*, 381 Mass. 563, 576-577 (1980). Even more recent cases include *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. 573, 587-593 (1981); *Custody of a Minor*, 383 Mass. 595, 600-602 (1981). See also *Guardianship of a Minor (No. 2)*, 11 Mass. App. Ct. 1027, 1029-1030 (1981). The department favors remand for further consideration, not only because of the time which has elapsed since the most recent consideration of the case, but also because of the likelihood that further study by the trial court will result in sufficient findings (a) that at least one of the children is in need of care and protection and perhaps that both are and (b) that each of the parents is unfit to have custody of the children and that to place one or both of them in the care of either parent would expose them to serious parental shortcomings. The department's brief points out that the record shows there has never been a stable, satisfactory, continuous family environment for these children with both parents for more than a few days.

The findings and standards appropriate for a determination of the current fitness or unfitness of each of the natural parents are described in great detail in the cases already cited, particularly the two most recent cases of the Supreme Judicial Court. They need not be restated here, but obviously there must be careful compliance with current requirements. Remand will permit a full present consideration and findings, concerning among other matters, (1) the current fitness of each parent to have custody; (2) whether the father's affection for and relationship with the daughter warrants separating her from her brother; (3) whether any shortcomings of the father and lack of parental experience on his part are sufficiently significant to make him unfit or seriously unsuitable to have custody; (4) whether separation from the present foster parents is likely to have damaging effects upon one or both of the children; and (5) whether, in the circumstances, a decision withholding custody from each of the natural parents is required for the best interests of the children. We are of opinion that facts set forth in the present record and the need for adequate

consideration of the recent decisions require that the case be remanded to the Juvenile Court for further proceedings.

2. Various issues briefed may arise in further hearings. (a) There was no error in permitting the foster parents of the children to participate in the proceedings subject to the control and supervision of the court. In this type of case, a court may gain great assistance from such participation, although no constitutional right to such participation may exist. See *Smith* v. *Organization of Foster Families*, 431 U.S. 816, 841 n.44, 847-856 (1977). The record suggests that these foster parents have done well for the children and have a genuine desire to protect their interests. One court investigator states that "[i]f the children were available . . . [the foster parents] would adopt them." Even allowing intervention (here denied) may be largely a matter of discretion. *Selectmen of Stockbridge* v. *Monument Inn, Inc.*, 8 Mass. App. Ct. 158, 161-162 (1979). Permission to assist the court as amici curiae, and the reasonable extent of such assistance to be allowed by the court, is also discretionary, although the discretion, in some types of cases, is to be exercised with caution. *Strasser* v. *Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). See also *Cennami* v. *Department of Pub. Welfare*, 5 Mass. App. Ct. 403, 407-414 (1977).

(b) General Laws c. 119, § 21, as amended through St. 1978, c. 552, § 28, permits the receipt in evidence of investigators' reports of the type considered in this case. The past proceedings and past investigators' reports in a case of this type may be considered by the trial judge as constituting relevant history of litigation. The issue, however, at a hearing after remand will relate to the then current situation, and the judge conducting any such hearing should give weight to prior proceedings and reports only to the extent that they have reasonable bearing upon the then *current* situation. See *Custody of a Minor*, 5 Mass. App. Ct. 741, 747-749 (1977). The judge should also recognize that investigatory reports may contain hearsay evidence, a circumstance to be taken into account in appraising such reports. The "entire" case, of course, was transferred to the juvenile appeals session. See G. L. c. 119, § 27, as amended, *supra*.

3. Care will be taken to preserve the costly record appendices, transcripts, and briefs filed in this court to avoid additional expense in the event of further proceedings in any appellate court. One copy of each such paper will be transmitted to the Juvenile Court on remand.

4. The case is remanded to the juvenile court for further proceedings consistent with this opinion.

*So ordered.*

*Alan M. Katz* for the father.

*Carolyn V. Wood*, Assistant Attorney General, for Department of Social Services.