W. GREGORY WHELAN *vs.* ZONING BOARD OF APPEALS OF NORFOLK. February 2, 2000. *Zoning*, Variance, Lot.

A judge in the Superior Court annulled the decision of the defendant, the zoning board of appeals of Norfolk (board), which denied the plaintiff's application for a variance from various dimensional requirements of the town of Norfolk's zoning by-law with respect to a parcel of land located mainly in Norfolk and partly in the town of Millis. Judgment entered ordering that the plaintiff's application be granted and that he was to receive a variance from certain dimensional requirements. The Appeals Court, in an unpublished memorandum and order pursuant to its rule 1:28, vacated the judgment and ordered the entry of a judgment stating that the board had acted within its authority in denying the plaintiff's application. See *Whelan* v. *Zoning Bd. of Appeals of Norfolk*, 46 Mass. App. Ct. 1124 (1999). We granted the plaintiff's application for further appellate review. We conclude that the plaintiff's application was properly denied by the board.

1. The reasoning of the Appeals Court in its unpublished memorandum is entirely correct. We now set forth that reasoning with record and brief references and footnotes omitted.

"Even if the plaintiff's lot had satisfied all the requirements of G. L. c. 40A, § 10, '[n]o person has a legal right to a variance and they are to be granted sparingly.' *Guiragossian* v. *Board of Appeals of Watertown*, 21 Mass. App. Ct. 111, 115 (1985), citing *Damaskos* v. *Board of Appeal of Boston*, 359 Mass. 55, 61 (1971).

"Under G. L. c. 40A, § 10, as appearing in St. 1975, c. 808, § 3, in order to grant a variance the board of appeals must find that 'owing to circumstances relating to the soil conditions, shape, or topography of such land . . . , a literal enforcement of the provisions of the . . . by-law would involve substantial hardship, financial or otherwise, to the petitioner or appellant . . . .' The trial judge found that 'the unusual placement of the parcel in terms of the town's borders has created a peculiar shaped tract of land . . . .' The reason that the lot was not buildable, however, was not its peculiar shape, but that its frontage and area within Norfolk were insufficient to satisfy the by-law, which specified that, for lots lying partly in Norfolk, no building may be built unless the Norfolk portion of the lot meets all the Norfolk zoning requirements. '[O]rdinarily, failure to meet dimensional requirements does not satisfy the odd shape criterion of the statute . . . .' *Tsagronis* v. *Board of Appeals of Wareham*, 415 Mass. 329, 332 (1993). As in *Tsagronis*, the hardship has nothing to do with the shape of the land but rather is due to the failure of the owner of the locus to construct a house on the undersized locus before statutory protections against zoning changes ran out. *Ibid.* An alternative reason a variance should not have been granted is that, since four contiguous lots were in common ownership at the time the by-law was amended, the plan could have been reconfigured into three lots. Instead, the plaintiff chose to build on three of the lots and apply for a variance for the fourth. It is a 'principle of longstanding application in the zoning context: a landowner will

not be permitted to create a dimensional nonconformity if he could have used his adjoining land to avoid or diminish the nonconformity.' *Planning Bd. of Norwell* v. *Serena*, 406 Mass. 1008, 1009 (1990). The plaintiff's lot does not meet the criteria for a variance.

"The plaintiff argues alternatively that the lot was grandfathered under G. L. c. 40A, § 6, citing par. 5. That paragraph provides for an eight-year zoning freeze for plans submitted to a planning board for approval. The plan submitted to the planning board in 1987, however, was an 'approval not required' plan and is, therefore, governed by par. 6 of § 6, which allows a zoning freeze for three years from the date of endorsement. See *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 725 & n.9 (1996). That time had already lapsed when the plaintiff applied for a variance."

The Appeals Court also correctly distinguished this case on its facts from the situation considered in *Boulter Bros. Constr. Co.* v. *Zoning Bd. of Appeals of Norfolk*, 45 Mass. App. Ct. 283 (1998), which also involved a split lot of land located in Norfolk and Millis. There the land was not held in common ownership with any adjoining land when the zoning bylaw was amended and, therefore, was grandfathered pursuant to G. L. c. 40A, § 6. *Id.* at 286-287.

2. The judgment is vacated. A new judgment is to be entered stating that the board did not exceed its authority in denying the plaintiff's application for a variance.

*So ordered.*

*Frank J. Gross* for the plaintiff.
*Douglas H. Wilkins* for the defendant.