Troy, J.
BACKGROUND
This is an appeal by the plaintiff, the Planning Board of the Town of Marshfield (Planning Board), from the grant of a variance by the defendant the Marshfield Zoning Board of Appeals (“ZBA”), to the defendant Steven D’Amelio (“D’Amelio”). D’Amelio applied for and received a variance from the definition of street as contained in the Marshfield Zoning By-law. D’Amelio needed a variance to build a house on the property because the frontage of the property is located on a private way as opposed to a public way as required by the By-laws. The ZBA unanimously granted the variance, subject to conditions. The Planning Board appealed to this court. A de novo non-juiy trial was held on March 17, 18, 19 in Plymouth Superior Court. On March 20, 2003, the court took a view of the property with counsel.
DISCUSSION
The court finds the following evidence at trial to be credible.
The property is a vacant parcel of land located in the Town of Marshfield on a way known as Pilgrim Road. The property is shown on the Marshfield Assessor’s Map as Lot 113-08-04. It is a combination of lot 30 through 34 on the recorded Plan of Subdivision. D’Amelio seeks to use the property as the site of a single-family home consistent with the use of other lots in the area. The property is located in a large subdivision called “Sea Rivers.” Most lots have been built upon. A few lots are vacant. The subdivision roads are private ways. They have no drainage infrastructure and have little or no paving.
The property is located within a R-l residential zoning district of Marshfield as shown on the Marshfield Zoning Map. It contains approximately 2.4 acres of land. It meets all the requirements for a building permit including its size, depth and setbacks except for the frontage requirements. The Marshfield Zoning By-Laws requires a lot to have 125 feet of frontage on a street before a residence may be built on that lot. The property has approximately 342 feet of frontage on Pilgrim Road. However, in order to qualify as a street for frontage purposes, the Marshfield Zoning By-Laws require that it must be 24 feet wide, be a public way, be an approved subdivision way, or a way deemed adequate by the Planning Board. Pilgrim Road does not meet any of the criteria and is not a “street” within the meaning of the By-Law.
George Dow, a long-time resident of the neighborhood of Sea Rivers in Marshfield (“Sea Rivers”) and a trustee of the Sea Rivers Trust, testified at trial regarding the background of Sea Rivers. In the 1800s four Methodist ministers established Sea Rivers as a retreat. The property contains beaches, dunes, tennis courts, park land and other amenities. The ministers conveyed the Sea Rivers property in trust and allowed for the trustee to sell certain plots of the trust land for the construction of homes. The lot owners are the beneficiaries of the Trust. All of the lots of land in Sea Rivers have been deeded out to various lot owners. The Trust has been amended on numerous occasions with the goal of preserving the intent of the Trust. The Trust contends that it has retained complete ownership and control over the Trust property including its roads and that D’Amelio has no right to make any improvements to Pilgrim Road. D’Amelio’s position in this appeal is that the Trust is correct.
Nearly all of the other lots in Sea Rivers have a single-family home. There are only some two lots available for further construction.
Dow testified that the Trust supports the variance for D’Amelio and feels that if Pilgrim Road were altered and enlarged, it would significantly change the unique and nature of the development and harm the interests of the Trust and its beneficiary owners.
It is the Planning Board’s position that as an owner of an easement right in Pilgrim Road, D’Amelio has the legal right to make reasonable repairs and improve *583 ments to the road, and, in any event, the 1973 trust instrument did not cut off D’Amelio’s preexisting right to use and improve Pilgrim Road.
Due to the property’s lack of frontage on a “street,” D’Amelio applied to the ZBA for a variance on December 8, 2000. On March 6, 2001, the ZBA voted unanimously to grant the variance, subject to seven Special Conditions which are not relevant here. The ZBA in its decision, among other things, noted that the Sea Rivers Trust would not allow Pilgrim Road to be improved, that abuttors and members of the Sea Rivers Trust unanimously supported the variance, that the construction of a single-family house on the property would not be detrimental to the public good, that the use of the lot would be consistent with other residential homes in the same zoning district and that failure to give relief would result in substantial hardship to D’Amelio. The ZBA added that a strict application of the Marshfield Zoning By-Laws would deprive D’Amelio of a reasonable use of the lot consistent with the use made by other abutting lots. Except to cite that the property was unique in its “U” shape and that “the shape of the lot was inconsistent with many of the other lots found in the district, ” the ZBA made no subsidiary findings relating to the soil conditions, shape or topography of the property that specifically affect the property, and made no finding of hardship arising out of the soil conditions, shape or topography of the property. On March 19, 2001 the ZBA filed its decision with the Marshfield Town Clerk. The Planning Board timely filed this action challenging the allowance of the variance.
A local zoning board may, in the discretion, grant a variance if the three conditions set forth in G.L.c. 40A, §10 are met. These three conditions are:
1. That owing to circumstances relating to the soil conditions, shape or topography of such land or structures and especially affecting such land or structures but not affecting generally the zoning district in which it is located . . .
2. A literal enforcement of the provisions of the by-law would involve substantial hardship, financial or otherwise, to the petitioner; and
3. That relief may be granted without substantial detriment to the public good and without nullifying or substantially derogating from the intent of the by-law.
G.L.c. 40A, §10.
No person has a legal right to a variance and they are to be granted sparingly. Damaskos v. Board of Appeal of Boston, 359 Mass. 55, 61 (1971).
At the hearing in the Superior Court the burden is upon the person seeking a variance, and the board granting one, to produce evidence that each of the above cited statutory prerequisites has been met and that the variance is justified. Since the requirements for the grant of a variance are conjunctive, not disjunctive, a failure to establish any one of them is fatal. Kirkwood v. Board of Appeals of Rockport, 17 Mass.App.Ct. 423, 427-28 (1984). On an appeal to the Superior Court, the judge is required to hear the matter de novo and to determine the legal validity of the board’s decision to grant a variance upon the facts by the trial judge. Joseph v. Board of Appeals of Brookline, 362 Mass. 290, 295 (1972). The trialjudge, like the board of appeals, may uphold the variance only if it can be expressly found that the statutory prerequisites have been met. Kirkwood, supra at 427.
As noted above, a variance may be granted by the ZBA under G.L.c. 40A, §10 if, among other things, the board specifically finds with respect to particular land that owing to circumstances relating to the soil conditions, shape or topography of such land or structure but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the ordinance or bylaw would involve substantial hardship, financial or otherwise but where a claimed soil deficiency is shared by other lots in the area it may not form the basis for a variance. Bicknell Realty Co. v. Board of Appeal of Boston, 330 Mass. 676, 680, 116 N.E.2d 570 (1953). Further, “a condition need not affect all property in a district in order to be regarded as generally affecting the district as a whole.” Planning Board of Watertown v. Board of Appeals of Watertown, 5 Mass.App.Ct. 833, 835, 363 N.E.2d 293 (1977). With respect to substantial hardship, “the hardship alleged must arise from the shape of the locus or one of the other factors specifically referred to in §10.” Guiragossian v. Board of Appeals Watertown, supra, 21 Mass.App.Ct. at 118. Accord, Whelan v. Zoning Board of Appeals of Norfolk, 430 Mass. 1009 (2000); Tsagronis v. Board of Appeals of Wareham, 415 Mass. 329, 332 (1993).
Plaintiff contends that D’Amelio cannot establish hardship because he does not presently have a legal interest in the property. For the purposes of this decision, the court will assume that he does have the legal interest required.
It would clearly be a hardship and substantial expense for D’Amelio to enlarge and upgrade some Vs mile of Pilgrim Road. The improvements will also cause the loss of many large trees and could affect the bucolic nature of the area. In addition, Sea Rivers Trust asserts that D’Amelio has no right to improve the road even if he chose to do so. If the Trust is correct, the property could end up being unbuildable which would certainly create a hardship for D’Amelio. However, the refusal of the Trust to allow D’Amelio to improve Pilgrim Road and the substantial expense and aesthetic damage from it do not constitute “hardship” under the statute that would justify a variance. Under G.L.c. 40A, §10 the court must focus only on the hardship alleged to arise from the property itself. Guiragossian v. Board of Appeals of Watertown 21 Mass.App.Ct. 111, 118 (1985).
William M. Govern, a Registered Surveyor called as a witness by D’Amelio, testified that the property has an irregular, boomerang shape, it has a 46’ drop, and *584 extensive wetlands that make the property unique. However, based upon all of the evidence at trial, including, in particular the testimony of Scott Horsley, an Environmental Scientist called by the Planning Board, a review of the plans and maps, and the court’s own view taken of the property, the court makes the following findings: the slope of the property is not unique since much of the Sea Rivers subdivision slopes down toward the direction of the tidal marsh; although the shape of the lot is somewhat irregular, so are the shapes of other lots depicted on the assessor’s plan; there are substantial wetlands on the property but there is still ample room for a single-family home to be constructed; and there is nothing about the soil conditions that is unique to the property since the glacial till that underlays the property is typical of land in the R-l District.
Based upon these findings, D’Amelio has failed to sustain his burden of proof[1] that the statutory prerequisites have been met that the property has a unique topography, shape or soils characteristics with respect to other properties in the Town of Marshfield such that a variance is warranted.
This court need not reach the issue of whether D’Amelio has the legal right to make the improvements to Pilgrim Road desired by the Planning Board because even if he could not make improvements to the way without the permission of the Trustees he would not be entitled to a variance. The refusal of the Trustees to exercise a legal right held by them in favor of D’Amelio is not a hardship arising out of soil conditions, shape or topography unique to D’Amelio’s property. Therefore it may not form the basis for the grant of a variance.
The Intervenors do not have standing to bring their claim for declaratory relief because they are not aggrieved by the decision of the ZBA. See United Oil Paintings, Inc. v. Commonwealth, 30 Mass.App.Ct. 958 (1991), and cases cited.
ORDER
For the foregoing reasons, the ZBA erred when it granted the variance to D’Amelio. Judgment shall enter for plaintiff. The Intervenor’s complaint for declaratory judgment is dismissed.

See Kirkwood v. Board of Appeals of Rockport, 17 Mass.App.Ct. 423, 427-28 (1984).